**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2021 APR -7 PM 4: 25

CLERK-LAS CRUCES

RUBEN ESCANO,

     Plaintiff,

v.

CONCORD AUTO PROTECT, INC.,
FOREVERCAR, LLC, LIBERTY MUTUAL
GROUP, INC., LIBERTY MUTUAL AUTO
AND HOME SERVICES, LLC, ALON
SALMAN, and DOES 1-10 INCLUSIVE AND
ALL OF THEM,

     Defendants.

Case No. 2:21-cv-00223 GBW/CG

## PLAINTIFF'S MOTION TO REMAND TO STATE COURT

I, Ruben Escano, pro se Plaintiff, hereby move to remand this case to state court pursuant to 28 U.S.C. § 1447(c), and submit the following Memorandum of Law in support.

### Memorandum

**I.      Introduction**

1.      I filed this civil action in New Mexico State Court in the Sixth Judicial District in Grant County, New Mexico.  The action was brought forth pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which "Congress enacted . . . to protect consumers from the 'proliferation of intrusive . . . [telemarketing] calls to their homes.'" *Miller v. Merchants Credit Adjusters, Inc.,* 8:14CV359 (D. Neb. Jul. 10, 2015) (alterations supplied, quoting *Mims v. Arrow Fin. Servs., LLC,* 132 S.Ct. 740, 745 (2012)).

2.      On March 12, 2021, Defendants Liberty Mutual Group, Inc.; Liberty Mutual Auto and Home Services, LLC; and ForeverCar, LLC (hereinafter and collectively, "the removing

Defendants") removed this case or consented to its removal.[1]  "'Removal statutes are to be construed strictly,' and '[a]ny doubt as to the propriety of removal is to be resolved in favor of remand.'" *Padilla v. Dollar Gen. Corp.*, No. 14-0544 MV/WPL (D.N.M. Aug. 21, 2014) (quoting *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M 1998).  "The defendant asserting that removal is proper bears the burden of showing that this is so." *Id.*  Here, the removing Defendants have made no such showing.

3.      The removing Defendants contend that this case is removable merely because the claims on which it is based concern a federal statute, and from there they say that this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.[2]

4.      However, Federal courts do not have jurisdiction over this case because of three independent and distinct reasons: First, while the TCPA is a Federal law, it expressly grants victims of TCPA violations the option to bring their cases in state court.  Second, a significant portion of the causes of action within this case, are of a type that have been deemed by Federal courts to be outside of Federal jurisdiction due to a lack of standing under Article III, Section 2 of the U.S. Constitution.  Third and finally, two of the other defendants in this case, who have been properly joined and served in this case, have neither joined nor consented to its removal, and thus the removing Defendants have not met the requirement of removal under 28 U.S.C. § 1446(b)(2)(A).  Each reason alone is enough for this Court to remand this case to state court. Herein, I will discuss each reason seriatim.

---

[1] Liberty Mutual Group, Inc. and Liberty Mutual Auto and Home Services, LLC first removed this case, with ForeverCar, LLC consenting and joining to the removal on the same day.
[2] The removing Defendants also cite 28 U.S.C. §§ 1441(a) and 1446, which promulgate the manner and requirements of removal stemming from 28 U.S.C. § 1331.

II.     **This case should be remanded because the TCPA grants victims of violations of the TCPA the option to bring their claims in state courts.**

5.      In this section, I will first show that Congress has the authority to modify the jurisdiction of federal courts, and also to confer jurisdiction to state courts. I will then show that Congress used this authority to grant victims of TCPA violations the option to bring their claims in state court.

A.  **The Constitution imbues Congress with the power to establish and modify the jurisdiction of Federal courts, and to confer jurisdiction to state courts.**

6.      The Constitution authorizes Congress to establish and modify the jurisdiction of Federal courts under Article III, Section 1, which provides in part: "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the *Congress may from time to time ordain and establish*." U.S. Const. art. III, § 1 (emphasis added). "The Congressional power to ordain and establish inferior courts includes the power of investing them with jurisdiction either limited, concurrent, or exclusive, and of **withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good**." *Abercrombie v. Off. of Comptroller of Currency*, 833 F.2d 672 (7th Cir. 1987) (emphasis added) (quoting *Lockerty v. Phillips*, 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339 (1943)).   With the exception of the Supreme Court itself, Congress is free to establish and modify the jurisdiction of Federal courts as it sees fit.

7.      The Constitution also authorizes Congress to confer jurisdiction to state courts under Article I, Section 8, which provides in part: "The Congress shall have power . . . [t]o constitute tribunals inferior to the Supreme Court." U.S. Const. art. I, § 8.  Federal laws that, for example, grant exclusive jurisdiction to state courts, "should be seen as 'constitut[ing]' the state courts as tribunals within the meaning of Article I."  James E. Pfander, *Federal Supremacy,*

*State Court Inferiority, and the Constitutionality of Jurisdiction-Stripping Legislation*, 101 Nw. U. L. Rev. 1, 10 (2007) (alterations supplied) (quoting U.S. Const. art. I, § 8).

8.      It is clear that Congress is authorized, under the Constitution, to grant and withhold jurisdiction to and from Federal courts, and of conferring jurisdiction to state courts to the exact degrees and manner which Congress deems necessary.

**B.  With its authority under the Constitution, Congress granted victims of violations of the TCPA the option to bring their civil cases in state courts.**

9.      The TCPA allows victims of violations of the TCPA the option to bring their cases in state court under 47 U.S.C. § 227(b)(3) which provides in part:

> "A person or entity may, if otherwise permitted by the laws or rules of court of a State, **bring in an appropriate court of that State** . . . an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." (47 U.S.C. § 227(b)(3)) (emphasis added) [3]

Additionally, the "State Forum Option" clause, presented immediately supra, preempts the more general statute of 28 U.S.C. § 1331 - by which the removing Defendants removed this case to Federal court - because of the legal canon of *lex specialis derogate lex generali*, which states that, "[i]n statutory construction, the more specific treatment prevails over the general," and because of the legal canon of *lex posterior derogat legi priori*, which states that, "where two statutory provisions appear to conflict, the later in time prevails." *In re Lazarus*, 478 F.3d 12 (1st Cir. 2007); *Harding v. Department of Veteran Affairs*, 448 F.3d 1373 (Fed. Circ. 2006). [4]

10.      Moreover, for a significant period of time, Federal courts held that TCPA claims could *only* be brought in *state courts*.  "In *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 516 (3d Cir. 1998), the Third Circuit noted that '[e]very court of appeals to consider the question has

---

[3] The TCPA's second private right of action, 47 U.S.C. § 227(c)(5), also has such language.
[4] The general statute of 28 U.S.C. § 1331 was last amended in 1980, while the more specific TCPA was enacted later, in 1991.

held that the TCPA does **not** grant federal court jurisdiction' over private causes of action."
*Machesney v. Lar-Bev of Howell*, 10-10085 (E.D. Mich. Mar. 4, 2010) (alterations supplied)
(emphasis added). And while Justice Ginsburg's opinion in *Mims v. Arrow Fin. Servs., LLC*
adjusted the legal calculus on federal versus state jurisdiction, it did not do so to the detriment
of individual, non-class-representative plaintiffs who decide to bring their individual claims in
state court. Justice Ginsburg's opinion merely highlighted "the permissive language of
227(b)(3)" and granted victims of TCPA violations the *option* to bring their claims in Federal
courts. *Mims v. Arrow Fin. Servs., LLC*. Such option does not extend to removing defendants.

11.     "Defendant[s'] right to remove and plaintiff's right to choose his forum are not
on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal
court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are
construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are
resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

12.     Because Congress expressly granted plaintiffs the option to bring their TCPA
civil actions in state courts, this Court should remand the instant case to state court where it
was originally filed.

III.    **This case should be remanded because a significant portion of the claims within it
do not create standing under Article III, Section 2 of the Constitution.**

13.     A significant portion of my claims involve the receipt of text messages that were
sent in violation of the TCPA. However, pursuant to *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir.
2019), this Court lacks jurisdiction over those claims because, as held in *Salcedo*, the recipient
of a text message lacks Article III, Section 2 standing to maintain his claim in Federal court.
*See id.* at 1166–73. "In *Salcedo v. Hanna*, the Eleventh Circuit held that, under the TCPA,
receipt of 'a single text message is [. . .] **not** a basis for invoking the jurisdiction of the federal
courts' pursuant to Article III." *Guerra v. Newport Beach Auto. Grp. LLC*, No. 21-20568, 2021

U.S. Dist. LEXIS 47354, at *1 (S.D. Fla. March 12, 2021) (emphasis added) (quoting *Salcedo v. Hanna*).

14.     Courts have found that when, "the basis for the Plaintiff's complaint rests on the receipt of unsolicited and automated marketing text messages . . . the Plaintiff . . . has not suffered an injury in fact sufficient to confer the Court with jurisdiction over the instant dispute." *Id.* at *2.  Pursuant to the Eleventh Circuit Court opinion in *Salcedo*, this Court should remand this case because the operative pleading does not contain sufficient allegations to meet the strictures of Article III, which, notably, I am not required to satisfy at the state court level.

15.     As I hereby dispute that my allegations concerning text messages are sufficient to satisfy Article III standing, the removing Defendants bear the burden of establishing that I have Article III standing to remain in Federal court. *See Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 561 (1992). ("The party invoking federal jurisdiction bears the burden of establishing these elements [of standing.]"); *Jenkins*, No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433, at *4-5 ("As the removing party, [defendant] has the burden of establishing federal jurisdiction — including [plaintiff's] standing."); *Avedyan v. CMR Constr. & Roofing, LLC*, No. 20-81362-CIV, 2020 U.S. Dist. LEXIS 221149, at *7 (S.D. Fla. Nov. 24, 2020) ("Defendant has failed to meet its burden to show that Plaintiffs have Article III standing and thus has failed to show that the Court has subject matter jurisdiction over this action.").

16.     The removing Defendants make no such showing in their Notice of Removal, and remand is therefore proper. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims."); *Watkins v. IC Sys.*, No. C-98-1625-VRW, 1998 U.S. Dist. LEXIS 10486, at *1

(N.D. Cal. July 10, 1998) ("On October 30, 1997, the court remanded the action to state court because Sicher lacked Article III standing.").

17.     Because this Court lacks jurisdiction over a significant portion of the claims here due to a lack of Article III, Section 2 standing, this Court should remand this case to state court where it was originally filed.

**IV.     This case should also be remanded because the removing Defendants have not met the requirement of removal under 28 U.S.C. § 1446(b)(2)(A).**

18.     The removing Defendants have not met the requirement of removal under 28 U.S.C. § 1446(b)(2)(A) because Defendants Concord Auto Protect, Inc. ("Concord") and Alon Salman, who both have been properly joined and served, have neither joined nor consented to the removal, as required.  Defendants Concord and Mr. Salman were properly served on February 20, 2021, well before the removing Defendants removed this case to Federal court. Please see "Affidavit of Service on Concord Auto Protect, Inc. by David Roffe" and "Affidavit of Service on Alon Salman by David Roffe," attached hereto as Exhibit A and Exhibit B, respectively.

19.     Mr. Salman is the Chief Executive Officer of Concord, and service on Mr. Salman effects service on Concord.  Upon information and belief, Mr. Salman is domiciled at the address of 1227 Avenue T, Brooklyn, New York 11229, where service was effected.  See my affidavit attached hereto as "Exhibit C: Affidavit of Ruben Escano" at ¶ 1.  Additionally, during a phone call with Mr. Salman on March 3, 2021, he confirmed with me that he had been served with the summons in this case and did possess it. *Id.* at ¶ 2.

20.     "[A] failure of all 'served' defendants to consent in writing to removal constitutes a procedural defect requiring remand." *Padilla v. Dollar Gen. Corp.*  "[T]he provision requiring the consent of 'all defendants who have been properly joined and served' must be strictly construed." *Id.*  "As the Honorable Bruce D. Black has observed, '[M]ost courts require

defendants to indicate their consent [to removal] in a written filing.'" *Id.* (quoting *State Farm Fire Cas. Co. v. Dunn-Edward Corp.*, 728 F. Supp. 2d 1273 (D.N.M. 2010)).  Here, Concord and Mr. Salman have made no such filing.

21.     Because Defendants Concord Auto Protect, Inc. and Alon Salman have neither joined nor consented to this case's removal, this case should be remanded to state court where it was originally filed.

**V.     Conclusion**

22.     For the foregoing reasons, this Court does not have jurisdiction over this case, and I respectfully and humbly request that this Court remand this case to the Sixth Judicial District of New Mexico State Court in Grant County, New Mexico where it was originally filed.

Dated at Silver City, New Mexico, this 6th day of April, 2021.

Respectfully submitted,

By:

**Ruben Escano, Pro Se**
2311 Ranch Club Road
Suite 2-180
Silver City, NM 88061
(201) 527-8938




# UNITED STATES POSTAL SERVICE ®

## PRIORITY MAIL



**UNITED STATES POSTAL SERVICE**

**P**

## PRIORITY MAIL 1-DAY®

Retail

US POSTAGE PAID
$7.95

Origin: 88061
04/06/21
3482110861-11

EXPECTED DELIVERY DAY: 04/07/21

C022

0 Lb 6.00 Oz
1006

SHIP
TO:
100 N CHURCH ST
Las Cruces NM 88001-3572

### USPS TRACKING® #

9505 5120 2959 1096 3504 46

**FROM:** Ruben J. Escano
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061

**TO:**

**United States District Court**
Civil Court Clerk
100 North Church Street
Las Cruces, NM 88001

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.