### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

      Plaintiffs,

v.                                                                           CV No. 21-223 MV/CG

CONCORD AUTO PROTECT, INC., et al.,

      Defendants.

### **ORDER FOR SUPPLEMENTAL BRIEFING**

**THIS MATTER** is before the Court on Plaintiff Ruben Escano's *Motion for Default Judgment as to Defendant Concord Auto Protect, Inc. and Defendant Alon Salman* (the "Motion"), (Doc. 63), filed August 11, 2021. On August 16, 2021, United States District Judge Martha Vazquez referred the Motion to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform legal analysis and recommend an ultimate disposition, pursuant to 28 U.S.C. § 636(b). (Doc. 64).

In his Motion, Mr. Escano seeks default judgment against Defendants Concord Auto Protect, Inc. and Alon Salman, as well as an award of $69,132.00 in damages and costs. (Doc. 63 at 1-2). In support, Mr. Escano filed two affidavits of service, stating that these two Defendants were served by affixing the summons and complaint to the door ("door service") located at 1227 Avenue T, Brooklyn, New York 11229. (Doc. 59); (Doc. 60). Two issues arise from this.

First, neither federal law nor New Mexico state law permits this method of door service on individuals. *See* FED. R. CIV. P. 4(e)(2); *UMG Recordings, Inc. v. Montoya*, 2:08-cv-489 JB/RLP, 2009 WL 1300361, at *2, n.1 (D.N.M. Jan. 30, 2009) (noting the revision to Rule 1-004(F), eliminating service by this method). While New York state law

does permit such door service on *individuals*, New York additionally requires that the summons and complaint be mailed to the individual as set forth in New York Civil Practice Law and Rules § 308(4).

Second, with regard to corporations, neither federal law, New Mexico state law, nor New York state law permits door service. See FED. R. CIV. P. 4(h)(1); *UMG Recordings, Inc.*, 2009 WL 1300361, at *2, n.1; *Gabr Intern. Trading Corp. v. Birdsall*, 07-cv-4310 ARR/SMG, 2009 WL 595605, at *2 (E.D.N.Y. March 6, 2009). Rather, if in-person service of a corporation is unsuccessful, both states set forth procedures for effectuating service by either mail or by the particular state's secretary of state. *See* N.Y. BUS. CORP. L. § 306(a); N.Y. C.P.L.R. § 312-a; NMRA 1-004(G) (2012); NMSA 1978 § 38-1-5.1 (1993).

Neither Mr. Escano's affidavits of service nor his Motion indicate whether process was mailed to Defendant Alon Salman and whether process was effectuated on Defendant Concord Auto Protect, Inc. by mail or the appropriate secretary of state. The Court is aware that counsel for these Defendants provided Defendant Liberty Mutual Group, Inc. with a declaration that these Defendants had been served. *See* (Doc. 14-1). However, it remains the Court's "duty to look into its jurisdiction both over the subject matter and the parties[]" before granting a motion for default judgment. *Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. June 21, 2018) (internal quotations and citations omitted). In order to fulfill its duty, the Court will require Mr. Escano to file supplemental evidence showing that he has satisfied the service requirements as to Defendant Concord Auto Protect, Inc., and Defendant Alon Salman.

**IT IS THEREFORE ORDERED** that by no later than **September 15, 2021**,

Plaintiff Ruben Escano shall provide the Court with supplemental evidence showing that he has satisfied the requisite service requirements.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE