## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

      Plaintiffs,

v.                                                        CV No. 21-223 MV/CG

CONCORD AUTO PROTECT, INC., et al.,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff Ruben Escano's *Motion for Default Judgment as to Defendant Concord Auto Protect, Inc. and Defendant Alon Salman* (the "Motion"), (Doc. 63), filed August 11, 2021. Defendants have filed no response to Mr. Escano's Motion and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served within fourteen (14) days after service of the motion.").

On August 16, 2021, United States District Judge Martha Vazquez referred this matter to the undersigned to perform legal analysis and recommend an ultimate disposition, pursuant to 28 U.S.C. § 636(b). (Doc. 64). The Court, having considered the Motion, the record, and the relevant law, **RECOMMENDS** that Mr. Escano's Motion be **DENIED WITHOUT PREJUDICE**.

## I.      Background

Mr. Escano, proceeding *pro se*, commenced this Telephone Consumer Protection Act ("TCPA") case on February 10, 2021, in the Sixth Judicial District in Grant County, New Mexico. *See* (Doc. 1-1 at 1-18). The Complaint alleges that, between February 20, 2020, and February 5, 2021, Defendants sent Mr. Escano at least thirty-five unsolicited communications offering vehicle service plans and extended

warranties. *Id.* at 3, ¶ 14. Specifically, the Complaint alleges that Defendants Concord Auto Protect, Inc. ("Concord") and Alon Salman, operating under the direction of Defendants Liberty Mutual Group, Inc. and Liberty Mutual Auto and Home Services, LLC (collectively "Liberty Mutual"), transmitted twenty-two robotexts, and ForeverCar, LLC, operating under the direction of Liberty Mutual, transmitted thirteen robocalls. *Id.* at 5, ¶¶ 22, 23. Mr. Escano alleges these communications violated the TCPA, 47 U.S.C. § 227, *et seq.*, and he seeks a total of $61,500 in statutory damages, trebled to $184,500. *Id.* at 5-14, ¶ 26-62; *id.* at 18.

On March 12, 2021, Liberty Mutual removed this action to the United States District Court for the District of New Mexico. (Doc. 1). Since then, two of the defendants, Liberty Mutual and Forever Car, have filed pleadings responsive to the Complaint. *See* (Doc. 17); (Doc. 19). Counsel for the other two defendants, Concord and Mr. Salman, submitted to Liberty Mutual a declaration in support of removal, acknowledging that Concord and Mr. Salmon "were served with the summons and complaint on or about March 2, 2021." *See* (Doc. 14-1, *Declaration of Adam S. Katz, Esq., Attorney for Concord Auto Protect, Inc. and Alon Salman's in Support of Consent and Joinder in Removal* (the "Declaration")). However, these two defendants have filed no responsive pleadings to date.

On August 5, 2021, Mr. Escano filed two affidavits of service as to Concord and Mr. Salman, (Doc. 59); (Doc. 60), and then he requested a Clerk's entry of default, (Doc. 61). On August 6, 2021, the Clerk of the Court entered default against these defendants pursuant to Federal Rule of Civil Procedure 55(a). On August 11, 2021. Mr.

Escano filed the instant Motion seeking a default judgment against Concord and Mr. Salman, and an award of $69,132.00 in damages and costs. (Doc. 63 at 1-2).

On September 3, 2021, this Court ordered Mr. Escano to provide supplemental evidence showing that he has satisfied the requisite service requirements in connection with his Motion. (Doc. 65). On September 14, 2021, Mr. Escano replied with a request for additional time to provide such supplementation, indicating, notably, that he "anticipates that service requirements will be satisfied on or before [the requested extension] date." (Doc. 66 at 1).

## II.   Legal Standard

Federal Rule of Civil Procedure 55 "mandates a two-step process for a party who seeks a default judgment in his favor." *William v. Smithson*, 57 F.3d 1081 (10th Cir. 1995). First, the party must obtain a Clerk's entry of default. FED. R. CIV. P. 55(a); *see also Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Second, after obtaining a Clerk's entry of default, the party may move the Clerk to enter a default judgment if the claim is for a "sum certain," but "in all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(1)-(2).

In considering whether to grant a motion for default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," and the court must "exercise[] its responsibility to determine that it has the power to enter the default judgment." *Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. June 21, 2018) (internal quotations and citations omitted). With regard to

personal jurisdiction, the court must determine whether each party against whom a default judgment is sought has been properly served, and subsequently failed to answer, defend, or otherwise appear in the case within the time provided by the Rules. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered.") (citation omitted). Then, the court must determine whether the complaint's factual allegations establish a proper cause of action. *Id.* at 762. At this stage, following the Clerk's entry of default, the non-responsive defendant admits to the complaint's well-pleaded facts. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). However, the defendant does not admit to any legal conclusions. *Bixler*, 596 F.3d at 762.

Courts disfavor default judgments, and instead prefer to adjudicate cases on their merits. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). As such, default judgment must be "viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Mohon v. Nat'l Congress of Employers, Inc.*, 1:19-cv-652 KWR/JHR, 2021 WL 601816, at *1 (D.N.M. Feb. 16, 2021) (internal quotations and citations omitted); *see also Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (stating that the decision whether to enter a default judgment is ultimately at the court's discretion).

4

### III.     Discussion

As an initial matter, the Court previously determined that it has subject matter jurisdiction over this action. *See* (Doc. 55); (Doc. 58). The Court found that the facts alleged in the Complaint, together with "this District's routine exercise of jurisdiction over TCPA cases removed from state court[,]" confer federal question jurisdiction on this Court pursuant to 28 U.S.C. §§ 1331, 1441. (Doc. 55 at 6).

With regard to personal jurisdiction, Mr. Escano states that he served Concord and Mr. Salman by affixing a copy of the Summons and Complaint to the door located at 1227 Avenue T, Brooklyn, NY 11229. *See* (Doc. 59 at 1); (Doc. 60 at 1). The Court must determine whether such service was sufficient. *See Bixler*, 596 F.3d at 761.

### A.     The Law Governing Service of the Summons & Complaint

The Federal Rules of Civil Procedure provide that an individual may be served "by following state law for service of a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1). A corporation may be served in the same manner. *See* FED. R. CIV. P. 4(h)(1). Thus, since Mr. Escano alleges he served Concord and Mr. Salman at an address in New York, such service must comply with either New York or New Mexico law. (Doc. 63 at 1); (Doc. 59 at 1); (Doc. 60 at 1).

#### i.     *Service of Process on an Individual*

In New York, an individual may be served with a summons and complaint by (1) personal delivery; (2) delivery to a person of suitable age and discretion at the individual's dwelling or place of business; (3) delivery to a designated agent; (4) affixing the summons to the door of the dwelling or business place of the individual, and mailing

the summons to the individual's last known residence, where the process server could

not with due diligence personally serve the defendant or a person of suitable age and

discretion; (5) other means as ordered by the court; or (6) first-class mail with a return

envelope, postage prepaid, and a returned acknowledgement of receipt. N.Y. C.P.L.R.

§§ 308, 312-a.

Service on an individual in New Mexico is similar, except that service of process

by "nail and mail" is not permitted. *See UMG Recordings, Inc. v. Montoya*, 2:08-cv-489

JB/RLP, 2009 WL 1300361, at *2, n.1 (D.N.M. Jan. 30, 2009) (noting the revision to

Rule 1-004(F), eliminating service by this method). In particular, New Mexico law

permits any one of the following methods of service: (1) by personal delivery, or, if the

individual refuses service, by leaving process at the location where the individual has

been found; (2) by mailing process to the individual as set forth in New Mexico's rules;

(3) if neither (1) nor (2) are successful, then by leaving process with someone over the

age of fifteen at the individual's home and mailing process to the individual's last known

residence; or (4) if neither (1), (2), nor (3) are successful, then by leaving process at the

individual's workplace and mailing process to the individual as set forth in the rules.

NMRA 1-004(f)(1)-(3).

### ii.     Service of Process on a Corporation

With regard to service of process on a corporation, neither New York nor New

Mexico law permit "nail and mail" service. *See UMG Recordings, Inc.*, 2009 WL

1300361, at *2, n.1; *Gabr Intern. Trading Corp. v. Birdsall*, 07-cv-4310 ARR/SMG, 2009

WL 595605, at *2 (E.D.N.Y. March 6, 2009) (citing N.Y. C.P.L.R § 311(a)). In New York,

"a corporation must be served by delivering a copy of the summons and complaint 'to

an officer, director, managing or general agent, or cashier or assistant cashier or to any other [authorized] agent.'" *Id.* (quoting N.Y. C.P.L.R § 311(a)) (brackets in original). If in-person service is unsuccessful, a corporation may be served via the Secretary of State, as set forth in New York Business Corporation Law § 306(a), or it may be served as follows:

> [B]y mailing to the . . . entity to be served, by first class mail, postage prepaid, a copy of the summons . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.

N.Y. C.P.L.R. § 312-a. Service is not complete under § 312-a, however, until the acknowledgement of receipt is signed by "[t]he defendant, an authorized employee of the defendant, defendant's attorney or an employee of the attorney" and mailed back to the sender. *Obot v. Citibank South Dakota, N.A.*, 347 Fed. App'x 658, 659-60 (2d Cir. 2009).

In New Mexico, a corporation must be served by delivering process in-person "to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process[,]" or to one of these persons by mail as set forth "in Subparagraph (3) of Paragraph E of this rule." NMRA 1-004(g)(1)(a), (3). If one of these persons refuses service, process may be delivered to "the person in charge" at the "principal office or place of business during regular business hours." NMRA 1-004(g)(2).

**B.    Analysis**

Mr. Escano filed two virtually identical affidavits of service regarding Concord and Mr. Salman, both of which state that Mr. Escano's process server made the following service attempts:

7

1) Unsuccessful Attempt: Feb 13, 2021, 8:33 pm EST at 1227 Avenue T, Brooklyn, NY 11229[.] No answer at door / Unable to reach Servee[.]
2) Unsuccessful Attempt: Feb 16, 2021, 2:08 pm EST at 1227 Avenue T, Brooklyn, NY 11229[.] [T]he house appears to be under construction[.]
3) Unsuccessful Attempt: Feb 20, 2021, 8:57 pm EST at 1227 Avenue Brooklyn, NY 11229[.] Documents posted to the door after due diligence performed.

(Doc. 59 at 1); (Doc. 60 at 1). As is indicated in the description of the third attempt, after service proved unsuccessful, Mr. Escano's process server affixed the Summons and the Complaint for both defendants to the door located at 1227 Avenue T, Brooklyn, NY 11229. *Id.* The Court finds that these three service attempts, which were made on different days and at varying hours, constitute due diligence. *See*, *e.g.*, *Caldera v. RMA Recovery Group, LLC*, 5:18-cv-807 DAE, 2020 WL 3883257, at *3 (finding four service attempts, "one time during nonbusiness hours[,]" to "constitute sufficient due diligence to authorize service under [New York's] 'nail and mail' provision") (citing *State of N.Y. Higher Educ. Serv. Corp. v. Starr*, 115 A.D.2d 828, 829, 495 N.Y.S.2d 786, 787 (3d Dep't 1985) (three attempts at service, one time after business hours constitutes due diligence)).

The problem, however, is with the manner in which Mr. Escano ultimately effectuated service on Concord and Mr. Salman. While New York law permits Mr. Escano to serve Mr. Salman, after due diligence at in-person service, by affixing the Summons and Complaint to the door of his dwelling or place of business, service on Mr. Salman is not perfected until the Summons and Complaint are also *mailed* to his last known residence. *See* N.Y. C.P.L.R. §§ 308, 312-a. In other words, Mr. Escano has satisfied the "nail" portion of service as to Mr. Salman, but not the "mail" portion. Mr. Escano's affidavits are silent as to proof of mailing. *See American Inst. of Certified Pub. Acct. v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998) (stating that the

8

plaintiff bears the burden of showing that proper service of process was completed). In fact, Mr. Escano has essentially admitted that mail service was not fully effectuated prior to the filing of the instant Motion. *See* (Doc. 66 at 2) (explaining that he "anticipates that service requirements will be satisfied on or before that date"). Thus, Mr. Escano's service of the Summons and Complaint on Mr. Salman was deficient.

Likewise, Mr. Escano's service of the Summons and Complaint on Concord was deficient. Mr. Escano affixed the Summons and Complaint to the door of what is purportedly the location of Concord, but neither New York nor New Mexico law permits "nail" service of a corporation. *See Gabr Intern. Trading Corp.*, 2009 WL 595605, at *2. Since in-person service of Concord's "officer, director, managing officer, director, managing or general agent, cashier or assistant cashier, or []any other [authorized] agent[,]" was unsuccessful, Mr. Escano's options thereafter were to either serve Concord via the Secretary of State, pursuant to New York Business Corporation Law § 306(a), or to serve Concord by mail, pursuant to Section 312-a of the New York Civil Practice Law and Rules and Rule 1-004(g)(3) of the New Mexico Rules Annotated. Mr. Escano's affidavits of service do not indicate whether service was effectuated in either of these ways, and, as indicated above, it appears he is still in the process of satisfying the service requirements. *See* (Doc. 66 at 2).

The Court accepts at face value the admission by counsel for Concord and Mr. Salman that these Defendants "were served with the summons and complain on or about March 2, 2021." *See* (Doc. 14-1 at 1). That admission, however, cannot render otherwise improper service proper. The Court has an independent "duty to look into its jurisdiction both over the subject matter and the parties[]" before granting a motion for

default judgment. *Nevada Gen. Ins. Co.*, 326 F.R.D. at 693. The Court has determined that service on Concord and Mr. Salman was deficient.

Moreover, the fact that Concord and Mr. Salman have actual knowledge of this lawsuit does not absolve Mr. Escano of complying with the service rules. *See Hukill v. Okla. Nativ. Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008) ("[A] default judgment cannot be based on actual notice when service is defective."); *Martin v. N.Y.S. Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978) ("A showing that the defendant has had actual notice of the lawsuit is not sufficient . . ."). Were Mr. Escano's service deficiencies minor technicalities, the outcome may be different because the Tenth Circuit "generally take[s] a permissive attitude toward the mechanism employed for service of process when [a] defendant actually receives notice." *Kitchens v. Bryan Cnty. Nat'l Bank*, 825 F.2d 248, 256 (10th Cir. 1987) (internal quotations and citation omitted). However, Mr. Escano's service deficiencies are substantive; as is stands, he only partially served Mr. Salman and, under the rules, he did not serve Concord at all. *See*, *e.g.*, *Kabana, Inc. v. King Larimar, Inc.*, 1:15-cv-995 WJ/CG, 2016 WL 10538834, at *4 (D.N.M. May 24, 2016) (finding service improper, despite defendant's actual knowledge of the lawsuit, where plaintiff served the complaint but omitted the summons, and served by non-certified mail); *cf. Kitchens*, 825 F.2d at 256 (finding plaintiff's omission of the "notice and acknowledgement" form and the return envelope, as prescribed by the rules, to be only a technical defect).

The Court therefore finds that Mr. Escano has failed to properly serve Concord and Mr. Salman. As such, the Court finds that Mr. Escano's Motion should be **DENIED WITHOUT PREJUDICE** to Mr. Escano refiling a motion for default judgment once

service has been perfected and the allotted time for Concord and Mr. Salman to answer has passed.[1] However, the Court does conclude that Mr. Escano's demonstrated efforts warrant an extension of time to properly serve these defendants. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). The Court will thus find that the service period should be extended to give Mr. Escano until **October 31, 2021**, to serve Defendants Concord Auto Protect, Inc. and Alon Salman.

## IV.    Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Ruben Escano's *Motion for Default Judgment as to Defendant Concord Auto Protect, Inc. and Defendant Alon Salman*, (Doc. 63), be **DENIED WITHOUT PREJUDICE**.

The Court further **RECOMMENDS** that Plaintiff Ruben Escano be **GRANTED** an extension of time to serve the Summons and Complaint on Defendants Concord Auto

---

[1] Mr. Escano's filings in connection with the instant Motion show good cause for additional time to properly serve Concord and Mr. Salman rather than good cause for additional time to provide the Court with proof that these Defendants were properly served prior to the filing of this Motion. *See* (Doc. 66) ("Mr. Escano respectfully requests that the time to file be enlarged to October 11, 2021. Mr. Escano anticipates that service requirements will be satisfied on or before that date."). Even were the Court to grant Mr. Escano additional time to properly effectuate service, his Motion would not be meritorious; these Defendants are not yet in default because they are not yet required to answer the Complaint. *See* FED. R. CIV. P. 12(a)(1)(a)(i) (requiring a defendant to answer either within 21 days after being served with the summons and complaint). Only after Mr. Escano properly effectuates service on these defendants, and only if these defendants thereafter fail to timely answer the Complaint, will these defendants be in default. Only then would any motion for default judgment be meritorious.

Protect, Inc. and Alon Salman, and that the Summons and Complaint must be served

by no later than **October 31, 2021**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE