IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

      Plaintiff,

v.                                                                                CV No. 21-223 MV/CG

CONCORD AUTO PROTECT, INC., et al.,

      Defendants.

## ORDER ADOPTING IN PART CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Chief Magistrate Judge's Proposed Findings and Recommended Disposition (the "PFRD") (Doc. 80), filed January 19, 2022, Plaintiff Ruben Escano's Objections to Proposed Findings and Recommended Disposition (Doc. 80, filed 1/19/22) (the "Objections") (Doc. 84), filed February 3, 2022, the Response to Plaintiff Ruben Escano's Objections to Proposed Findings and Recommended Disposition ("Liberty Mutual's Response") (Doc. 85), filed February 16, 2022, by Defendants Liberty Mutual Group, Inc. and Liberty Mutual Auto and Home Services, LLC (collectively, "Liberty Mutual"), the Opposition to Plaintiff's Objections to the Proposed Findings and Recommended Disposition ("ForeverCar's Response") (Doc. 86), filed February 17, 2022, by Defendant ForeverCar, LLC ("ForeverCar"), and Plaintiff's Motion for Enlargement of Time to File Objections to the Proposed Findings and Recommended Disposition ("Plaintiff's Motion to Enlarge") (Doc. 80), filed February 18, 2022.

In the PFRD, the Chief Magistrate Judge recommended that the Court grant without prejudice Liberty Mutual's Motion to Dismiss (the "Motion to Dismiss") (Doc. 19), grant with prejudice the Motion for Judgment on the Pleadings (the "Motion for Judgment on the Pleadings") (Doc. 30), filed by Defendant ForeverCar, LLC ("ForeverCar"), and deny as moot

Mr. Escano's Motion for Leave to File a Motion to Strike (the "Motion for Leave to Strike ForeverCar's Answer") (Doc. 43).

The parties were notified that written objections to the PFRD were due within 14 days. (Doc. 80 at 16). Mr. Escano filed his Objections on February 3, 2022, objecting only to the Chief Magistrate Judge's recommendation that the Court grant ForeverCar's Motion for Judgment on the Pleadings and dismiss Mr. Escano's claims against ForeverCar with prejudice. (Doc. 84 at 1). Liberty Mutual filed its Response on February 16, 2022, asking the Court to grant its Motion to Dismiss and dismiss the claims against it since Mr. Escano raised no objections to that portion of the PFRD. (Doc. 85 at 1). ForeverCar filed its Response on February 17, 20221, asking the Court to overrule Mr. Escano's objections to the PFRD as untimely, to grant its Motion for Judgment on the Pleadings, and to dismiss the claims against it with prejudice. (Doc. 86 at 1-2).

After a *de novo* review of the record and the PFRD, the Court will **OVERRULE IN PART** and **SUSTAIN IN PART** Mr. Escano's Objections and **ADOPT IN PART** the Chief Magistrate Judge's PFRD.

**I.     Background**

Mr. Escano received 13 telemarketing calls and 23 telemarketing texts over the course of a year, offering him vehicle service contracts. (Doc. 1-1 at 1-18). As a result, on February 10, 2021, he filed a *pro se* complaint (the "Complaint") in state court, alleging that these communications violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. (Doc. 1-1 at ¶¶ 27-62). In his Complaint, Mr. Escano attributes the phone calls to ForeverCar directly and to Liberty Mutual vicariously, and he attributes the text messages to Defendants Concord Auto Protect, Inc. ("Concord") and Alon Salman directly and to Liberty

Mutual vicariously. *Id.* at ¶ 22. For these alleged violations of the TCPA, Mr. Escano seeks $61,500 in statutory damages, trebled to $184,500. *Id.* at 18.

On March 12, 2021, Liberty Mutual removed the case to the United States District Court for the District of New Mexico. (Doc. 1). Thereafter, Liberty Mutual filed the instant Motion to Dismiss (Doc. 19), ForeverCar filed the instant Motion for Judgment on the Pleadings (Doc. 30), and Mr. Escano filed the instant Motion for Leave to Strike ForeverCar's Answer (Doc. 43). On January 19, 2022, the Chief Magistrate Judge entered her PFRD. (Doc. 84).

Mr. Escano objects only to the Chief Magistrate Judge's recommendation regarding ForeverCar's Motion for Judgment on the Pleadings. (Doc. 84 at 1). Because no objections were filed regarding the other motions, the Court will adopt the Chief Magistrate Judge's recommendations that Liberty Mutual's Motion to Dismiss be granted without prejudice and that Mr. Escano's Motion for Leave to Strike ForeverCar's Answer be denied as moot. The Court will consider only ForeverCar's Motion for Judgment on the Pleadings.

**II.      Legal Standard**

District judges may refer dispositive motions to magistrate judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To preserve an issue for review, a party's objections must be "both timely and specific." *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *One Parcel of Real Prop.*, 73 F.3d at 1059. Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

### III. Timeliness of Mr. Escano's Objections

As an initial matter, the Court notes that Mr. Escano filed his Objections on February 3, 2022, one day after his deadline for doing so passed. Untimely objections are subject to the Tenth Circuit's "firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citation omitted). Nonetheless, the Court may waive application of this rule when "the interests of justice require review." *Id*. Here, Mr. Escano mistakenly miscalculated the deadline by one day, and his objections are specific and substantive. The Court finds that under these circumstances, the interests of justice require review, and thus will waive application of the firm waiver rule.

### IV. Objections Regarding the Motion for Judgment on the Pleadings

In its Motion for Judgment on the Pleadings, ForeverCar argues that the Complaint has failed to sufficiently allege facts showing that it *made* the 13 telemarketing calls. (Doc. 30 at 1). ForeverCar contends that, according to the Complaint, the callers identified "entities other than

4

ForeverCar[.]" *Id.* at 2-3. In her PFRD, the Chief Magistrate Judge agreed, concluding that Mr. Escano failed to state a claim against ForeverCar for violating Sections 227(b) and 227(c) of the TCPA. (Doc. 80 at 9). The Chief Magistrate Judge found the Complaint devoid of facts showing that ForeverCar made the 13 telemarketing calls. (Doc. 80 at 9). The Chief Magistrate Judge recommended not only that the Court grant the Motion for Judgment on the Pleadings and dismiss Mr. Escano's claims against ForeverCar, but also that the Court dismiss these claims with prejudice. *Id.* at 9, 16.

Mr. Escano raises two objections to the Chief Magistrate Judge's recommendation. First, Mr. Escano argues that the Complaint does sufficiently allege that ForeverCar placed the 13 telemarketing calls. (Doc. 84 at 4-10). Second, he argues that the Chief Magistrate Judge improperly recommended dismissal with prejudice as opposed to dismissal without prejudice. *Id.* at 10-17.

### A.     Whether the Claims Against ForeverCar Are Adequately Pled

With regard to his first objection, Mr. Escano contends that the Chief Magistrate Judge erred in finding his claims against ForeverCar inadequate because she failed to abide by the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In particular, first, he contends that the Chief Magistrate Judge ignored the "first part of the two-part analysis announced in *Twombly* and *Iqbal*[]" by failing to "separat[e] the Complaint's legal conclusions from its factual matters (or factual allegations)." (Doc. 84 at 4). Second, Mr. Escano contends that the Chief Magistrate Judge "misapplie[d] the plausibility standard announced in *Twombly* and *Iqbal*." *Id.*

The United States Supreme Court has indeed "established a two-part examination of the factual sufficiency of a complaint" to survive a motion for judgment on the pleadings for failure

5

to state a claim. *Aubert v. Central New Mexico Community College*, 1:18-cv-118 WJ/LF, 2019 WL 1239435, at *3 (March 18, 2019) (citing *Twombly*, 550 U.S. at 551); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (applying Rule 12(b)(6) motion to dismiss standard to Rule 12(c) motion for judgment on the pleadings). "First, the court must accept well-pleaded factual allegations as true, but the court is not bound to accept as true a legal conclusion that is 'couched as a factual allegation.'" *Aubert*, 2019 WL 1239435, at *3 (quoting *Iqbal*, 556 U.S. at 678). "After distinguishing between factual assertions and legal conclusions, the court then determines whether the factual allegations, when taken as true, 'plausibly give rise to an entitlement to relief.'" *Id.* at *3 (quoting *Iqbal*, 556 U.S. at 679).

As to the first part of this analysis, it appears that Mr. Escano believes that the Chief Magistrate Judge was required to explicitly parcel out in some talismanic way the legal conclusions into one bucket, the legally operative facts into another, and the factual allegations into yet a third.[1] *See* (Doc. 84 at 4-10). Mr. Escano cites law journal articles and other secondary source material, but the Court can find no such support for his position in this District's case law. *Id*. Rather, with the first part of the *Iqbal*/*Twombly* analysis, the law requires nothing more than that the Court "accept well-pleaded factual allegations as true, but . . . not . . . accept as true a legal conclusion." *Aubert*, 2019 WL 1239435, at *3 (quoting *Iqbal*, 556 U.S. at 678). The Chief Magistrate Judge did so in her PFRD.

In her analysis of the Motion for Judgment on the Pleadings, the Chief Magistrate Judge considered the very factual allegations in the Complaint, which Mr. Escano agrees in his

---

[1] Mr. Escano states, for instance, that "instead of merely one divide that must be considered—that between legal conclusions and factual allegations—there are . . . three different types of allegations [that must be considered]: (i) legal conclusions, (ii) legally-operative factual allegations, and (iii) supporting or contextual facts." (Doc. 84 at 6).

6

Objections should have been deemed factual allegations. *See* Doc. 80 at 6-9; Doc. 84 at 9-10. In particular, the PFRD notes that the Complaint alleged dates for each of the phone calls, that the Complaint alleged not only that these calls were automated but also alleged the substance of these calls, and that the Complaint alleged "that ForeverCar is in the business of telemarketing and . . . ForeverCar and Liberty Mutual operate together to sell vehicle service plans." (Doc. 1-1 at ¶¶ 67, 70).

The Court finds that these allegations do constitute factual allegations, as opposed to legal conclusions, and thus, for purposes of the Motion for Judgment on the Pleadings, the Court accepts these allegations as true. *See Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1302-03 (10th Cir. 2021) (requiring the court to accept "factual matter" as true, but not "allegations that are legal conclusions, formulaic recitations of elements, or naked assertions devoid of further factual enhancement") (internal citations omitted). Accepting these allegations as true, the Complaint adequately pleads that *some entity* made the 13 telemarketing calls to Mr. Escano.

However, the Court does not accept as true the conclusory allegation that *ForeverCar* was the entity that placed the 13 telemarketing calls. As Mr. Escano concedes in his Objections, this particular allegation is not a "factual allegation" but rather a "legally operative fact," which the Court does not have to accept as true. *See Crane*, 15 F.4th at 1302-03. In the absence of this conclusory allegation, then, the Complaint needed to otherwise allege "factual allegations" to support the claim that it was ForeverCar who placed the 13 calls. *See* 47 U.S.C. §§ 227(b)(1)(A)(c)(5) (requiring a plaintiff to allege, among other things, that the defendant made the telephone call). The Complaint fails to do so.

On this issue, the Complaint states only the following factual allegations, which, for the purposes of the Motion for Judgment on the Pleadings, the Court accepts as true. ForeverCar is

in the business of telemarketing. (Doc. 1-1 at ¶ 67). ForeverCar and Liberty Mutual operate together to sell vehicle service plans. *Id.* at ¶ 70. ForeverCar's website advertises that "a vehicle service plan from Liberty Mutual powered [b]y ForeverCar is an affordable way to protect yourself from the hassles of car repair." *Id*. The January 19, 2021 caller stated that "he was calling from Liberty Mutual and . . . works for Liberty Mutual[.]" *Id.* at ¶ 69. While it is certainly possible, given these allegations, that ForeverCar was the entity that made the 13 calls, it is not plausible. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff may obtain relief.") *see also* Black's Law Dictionary (11th ed. 2019) (defining "plausible" as "[c]onceivably true or successful; possibly correct or even likely; reasonable[.]"). In other words, the Court cannot *reasonably* infer from these factual allegations alone that it was ForeverCar that made the 13 telemarketing calls. *Iqbal*, 556 U.S. at 678.

Therefore, the Court will **OVERRULE** Mr. Escano's first objection and **ADOPT** the Chief Magistrate Judge's recommendation that ForeverCar's Motion for Judgment on the Pleadings be **GRANTED**.

      **B.**     **Whether the Claims Against ForeverCar Should be Dismissed with Prejudice**

Turning to the second objection, Mr. Escano argues that, if his claims against ForeverCar are dismissed, they should not be dismissed with prejudice. (Doc. 84 at 16-17). He contends that the Chief Magistrate Judge incorrectly stated that claims must be dismissed with prejudice on a successful motion for judgment on the pleadings. *Id.* at 15. He argues that "courts across the country, including this circuit, have readily dismissed cases under Rule 12(c) *without* prejudice." *Id.* at 16 (emphasis in original). ForeverCar contends that dismissal with prejudice is appropriate, and that, in cases where judgment on the pleadings is granted substantively as opposed to procedurally, courts in this circuit dismiss the claims at issue with prejudice. (Doc. 86 at 12-13).

It is true, as the Chief Magistrate Judge states, that "claims dismissed under 12(c) are dismissed with prejudice." (Doc. 80 at 5) (citing *Pena v. Greffet*, 110 F. Supp. 3d 1103, 1113 (D.N.M. 2015). *See Cheslek v. Chase Bank*, 1:15-cv-348 JB/WPL, 2016 WL 3148398 (May 19, 2016) (stating claims dismissed under 12(c) are dismissed with prejudice); *U.S. v. A & R Productions*, 6:1-cv-72 MV/WPL, 2015 WL 13650161, at *1 (D.N.M. Nov. 16, 2015) (same), *report and recommendation adopted*, 2015 WL 13668434 (D.N.M. Dec. 7, 2015). That is not to say, however, that claims dismissed under Rule 12(c) *must* be dismissed with prejudice. Rather, "the harsh remedy of dismissal is to be used cautiously; courts have an obligation to promote the liberal rules of pleading as well as to protect the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). "When granting Rule 12(c) motions, courts may give leave to amend and may dismiss causes of action rather than grant judgment." *Cheromiah v. U.S.*, 55 F. Supp. 2d 1295, 1298 (D.N.M. 1999) (citations and internal quotation marks omitted).

While it was certainly in the Chief Magistrate Judge's reasoned discretion to recommend that the Court dismiss Mr. Escano's claims against ForeverCar with prejudice given his failure to allege all the material elements of his cause of action, the Court finds it appropriate to dismiss these claims without prejudice because Mr. Escano has offered "allegations of other facts consistent with the challenged pleading that could . . . possibly cure the deficiency." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996); *see also Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997). In addition to the facts discussed above, Mr. Escano alleges in his Response in Opposition to Defendant ForeverCar, LLC's Motion for Judgment on the Pleadings (Doc. 37), that the January 19, 2021 caller who identified himself as a Liberty Mutual employee was offering vehicle service contracts and specifically Platinum and Platinum Plus plans. *Id.* at 3-4.

Mr. Escano alleges that Liberty Mutual does not offer vehicle service plans directly to consumers, but that ForeverCar does offer Platinum and Platinum Plus plans. *Id.* at 4. Mr. Escano alleges that ForeverCar is the only company that sells vehicle service plans to Liberty Mutual. *Id*.

On the current record, the Court cannot definitively say whether these as-of-yet unpled facts, taken together with the facts pled in the Complaint, would sufficiently allege that ForeverCar was the entity that made the 13 calls at issue. Accordingly, the Court will not dismiss this claim with prejudice.

Therefore, the Court will **SUSTAIN** Mr. Escano's second objection and **WILL NOT ADOPT** the Chief Magistrate Judge's recommendation that Mr. Escano's claims against ForeverCar be dismissed with prejudice.

###  C. The Case Will Remain Open

Plaintiff filed his Motion to Amend Complaint [Doc. 89] on February 24, 2022, after completion of the PFRD. In light of Plaintiff's filing of his Motion to Amend, the Court will not enter final judgment disposing of this case but rather will allow the parties an opportunity to fully brief that Motion.

### V. Conclusion

For the foregoing reasons, the Court will adopt the Chief Magistrate Judge's recommendations that Liberty Mutual's Motion to Dismiss (Doc. 19), be granted without prejudice, and that Mr. Escano's Motion for Leave to File a Motion to Strike (Doc. 43), be denied as moot. The Court will further adopt the Chief Magistrate Judge's recommendation that ForeverCar's Motion for Judgment on the Pleadings (Doc. 30), be granted, but it will not adopt the recommendation that Mr. Escano's claims against ForeverCar be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that:

(1) Mr. Escano's Motion for Enlargement of Time to File Objections to the Proposed Findings and Recommended Disposition (Doc. 84) is **GRANTED;**

(2) Liberty Mutual's Motion to Dismiss (Doc. 19) is **GRANTED**, and Mr. Escano's claims against Liberty Mutual are **DISMISSED WITHOUT PREJUDICE;**

(3) ForeverCar's Motion for Judgment on the Pleadings (Doc. 30) is **GRANTED**, and Mr. Escano's claims against ForeverCar are **DISMISSED WITHOUT PREJUDICE**; and

(4) Mr. Escano's Motion for Leave to File a Motion to Strike (Doc. 43) is **FOUND AS MOOT**.

**IT IS SO ORDERED**.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE