IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.                                                                                    CV No. 21-223 MV/CG

CONCORD AUTO PROTECT, INC., et al.,

    Defendants.

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the following: Chief Magistrate Judge's *Proposed Findings and Recommended Disposition* (the "PFRD") (Doc. 100), filed April 27, 2022; Plaintiff Ruben Escano's *Objections to Proposed Findings and Recommended Disposition Rendered April 27, 2022* (the "Objections") (Doc. 101), filed May 11, 2022; the *Response to Plaintiff's May 11, 2022 Objections to Proposed Findings and Recommended Disposition* ("Liberty Mutual's Response") (Doc. 102), filed May 25, 2022, by Defendants Liberty Mutual Group, Inc. and Liberty Mutual Auto and Home Services, LLC (collectively, "Liberty Mutual"); and the *Opposition to Plaintiff's Objections to the Proposed Findings and Recommended Disposition* ("ForeverCar's Response") (Doc. 103), filed May 25, 2022, by Defendant ForeverCar, LLC ("ForeverCar").

In the PFRD, the Chief Magistrate Judge recommended that the Court deny Mr. Escano's *Motion to Amend Original Complaint* (the "Motion to Amend") (Doc. 89), and that the Court dismiss this case with prejudice. Doc. 100 at 20. The Chief Magistrate Judge notified the parties that written objections to the PFRD were due within fourteen days. Doc. 80 at 16. Mr. Escano filed his Objections on May 11, 2022, objecting to both recommendations on seven total

grounds. Doc. 100 at 2-20. Liberty Mutual and ForeverCar filed their respective responses on May 25, 2022, each addressing portions of Mr. Escano's Objections and ultimately asking the Court to deny the Motion to Amend. *See generally* Docs. 102, 103.

After a *de novo* review of the record and the PFRD, the Court will **OVERRULE** Mr. Escano's Objections, **ADOPT** the Chief Magistrate Judge's PFRD, **DENY** Mr. Escano's Motion to Amend, and **DISMISS** this matter **WITH PREJUDICE**.

**I.     Background**

Mr. Escano commenced this case, proceeding *pro se*, on February 10, 2021, alleging that ForeverCar, Liberty Mutual, and Concord transmitted telemarketing calls and texts to him in violation of the Telephone Consumer Protection Act ("TCPA"). Doc. 1-1 at ¶¶ 27-62.[1] A year later, on February 24, 2022, Mr. Escano filed the instant *Motion to Amend Original Complaint* (the "Motion to Amend"), Doc. 89, seeking to cure deficiencies in the original complaint. Meanwhile, a PFRD from the Chief Magistrate Judge, in which she recommended dismissal of the original complaint, was already pending before this Court. *See* Doc. 80. This Court dismissed Mr. Escano's original complaint but acknowledged the pending Motion to Amend and declined to dispose of the case without first resolving the motion. Doc. 91 at 11. On April 27, 2022, the Chief Magistrate Judge entered her PFRD, making recommendations regarding the Motion to Amend. Doc. 100.

Mr. Escano now raises the following objections to the PFRD: (1) "[t]he PFRD errored in deeming as 'legal conclusions' certain allegations as to ForeverCar"; (2) "the Proposed Amended Complaint sufficiently alleges ForeverCar made the calls, even under a heightened pleading standard"; (3) "[t]he Proposed Amended Complaint sufficiently alleges the use of an Automatic

---

[1] The particular facts that gave rise to this case are well known to the parties and the Court, and the Court will not reiterate them here. For a full recitation of the facts, see (Docs. 55, 58, 67, 71, 80, 91, 100).

2

Telephone Dialing System"; and (4) "[t]he Proposed Amended Complaint sufficiently states a claim against Liberty Mutual for the thirteen phone calls"; (5) "[t]he Proposed Amended Complaint sufficiently states a claim against Liberty Mutual for the twenty-two text messages"; (6) [t]he PFRD errored in recommending dismissal of Concord"; and (7) [t]he PFRD errored in recommending dismissal with prejudice." Doc. 101 at 2-20.

## II.     Legal Standard

District judges may refer dispositive motions to magistrate judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). To preserve an issue for review, a party's objections must be "both timely and specific." *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *One Parcel of Real Prop.,* 73 F.3d at 1059. Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

3

**III.     Objections Concerning ForeverCar**

Three of Mr. Escano's objections concern his allegations against ForeverCar: (1) that the PFRD erred in concluding that the proposed Amended Complaint failed to sufficiently allege that ForeverCar made the 13 telemarketing calls; (2) that the PFRD erroneously found the allegation that ForeverCar made the calls to be a legal conclusion; and (3) that the PFRD erred in concluding that the proposed Amended Complaint failed to sufficiently allege the use of an Automatic Telephone Dialing System ("ATDS").[2] Doc. 101 at 2-12.

The first element of a TCPA claim under Section 227(b) requires the plaintiff to allege that the defendant made the offending telemarketing call. *Mestas v. CHW Group Inc.*, 508 F. Supp. 3d 1011, 1022 (D.N.M. 2020) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). To that end, Mr. Escano's proposed Amended Complaint alleges that Mr. Escano received 13 telemarketing calls between May 13, 2020, and January 26, 2021, and that it was ForeverCar who placed these calls. Doc. 89-1 at ¶¶ 38-77. In the PFRD, the Chief Magistrate Judge found that these allegations failed to allege that ForeverCar made the calls, because (1) none of the callers identified themselves as calling on behalf of ForeverCar, (2) several of the callers identified other entities, and (3) "the bare allegation that ForeverCar made the calls" is a legal conclusion that the Court is not required to accept as true. Doc. 101 at 7-8.

First, as the Chief Magistrate Judge correctly found, Mr. Escano does no more than state that ForeverCar made the 13 calls at issue, and thus merely parrots the language of the TCPA. *See* 47 U.S.C. § 227(b)(1). This conclusory assertion, without any factual allegations to support it, is insufficient to state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] The PFRD does not address whether the proposed Amended Complaint sufficiently alleges the use of an ATDS. The Court will not address this argument either given the finding herein that the proposed Amended Complaint otherwise fails to allege the first element of a TCPA claim—that ForeverCar *made* the thirteen calls.

(2009).  As the *Iqbal* Court made clear, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* By thus requiring more than "threadbare recitals of the elements of the [TCPA], the Court is not, as Mr. Escano argues, imposing a heightened pleading standard, but rather following binding precedent.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (adopting "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court thus is left to consider the sufficiency of the remaining factual allegations. *See Khalik v. United Air Lines*, 571 F.3d 1188, 1191 (10th Cir. 2012) (stating that the Court "disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable"). The proposed Amended Complaint alleges as follows: (1) ForeverCar offers vehicle service plans ("VSPs"), at least two of which it calls the Platinum plan and the Platinum Plus plan; (2) ForeverCar offers these plans on behalf of Liberty Mutual; (3) two of the 13 callers offered these plans to Mr. Escano; and (4) one of the 13 callers identified himself as a Liberty Mutual employee. Doc. 89-1 at ¶¶ 39, 85, 89, 107-108, 120. These allegations do not state that any of the callers mentioned ForeverCar during any of the calls, that any of the callers called from phone numbers associated with ForeverCarm or that the VSPs offered during the calls are products offered exclusively by ForeverCar. Taken together, these allegations do not "nudge" Mr. Escano's claim that ForeverCar placed the 13 telemarketing calls "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Because the proposed Amended Complaint fails to sufficiently allege that ForeverCar placed the calls at issue, it equally fails to state a claim against ForeverCar. As such, amendment as to ForeverCar would be futile, and thus leave to amend will not be granted. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) (holding that the Court need not grant leave to amend "where amendment would be futile," and that *"*[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal"). Accordingly, the Court will **OVERRULE** Objections 1 through 3.

**IV.     Objections Concerning Liberty Mutual**

Mr. Escano's next two objections, Objections 4 and 5, concern his proposed amended claims against Liberty Mutual. Mr. Escano argues the PFRD erred in concluding that the proposed Amended Complaint fails to state a claim of vicarious liability against Liberty Mutual for the 13 calls and the 22 text messages. Doc. 101 at 13-18.  Liberty Mutual counters that the PFRD correctly found no agency relationship between either Liberty Mutual and ForeverCar or Liberty Mutual and Concord. Doc. 102 at 6-7.

A caller can be held vicariously liable for violating the TCPA "pursuant to 'federal common law agency principles.'" *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189, 1227 (D.N.M. 2019) (quoting *Dish Network, LLC*, FCC 13-54, 6574, ¶ 33, at 6586). "Courts have similarly held that '[a] defendant is vicariously liable for violations of the TCPA where common law principles of agency would impose it.'" *Mestas*, 508 F. Supp. 3d at 1023 (quoting *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018)). "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Childress v. Liberty Mutual Ins. Co.*, 1:17-cv-

6

1051 MV/KBM, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (quoting *Melito v. Am. Eagle Outfitters, Inc.*, 14-cv-2440, 2015 WL 7736547, at *6 (S.D.N.Y. Nov. 30, 2015); Restatement (Third) of Agency, § 1.01 (2006)). "[T]o plead vicarious liability under the TCPA in accordance with traditional tort principles, Plaintiff[] must allege *some* facts regarding the relationship between an alleged principal and agent . . . and cannot simply allege general control in a vacuum." *Childress*, 2018 WL 4684209, at *3 (quoting *Melito*, 2015 WL 7736547, at *7) (emphasis in original).

    A.    <u>Vicarious Liability for the Phone Calls</u>

Mr. Escano's objection regarding Liberty Mutual's vicarious liability for the 13 telemarketing calls presupposes that the proposed Amended Complaint would adequately state a claim against ForeverCar. (Doc. 101 at 13). From that presupposition, Mr. Escano argues that ForeverCar acted with Liberty Mutuals' authority in placing the calls, and that Liberty Mutual thus is vicariously liable for the calls. *Id.* at 14. However, given the finding above that the proposed Amended Complaint fails to state a claim against ForeverCar for direct liability, the proposed Amended Complaint also necessarily fails to state a vicarious liability claim against Liberty Mutual for the 13 phone calls.

    B.    <u>Vicarious Liability for the Text Messages</u>

Turning next to Mr. Escano's objection regarding Liberty Mutual's vicarious liability for the 22 text messages purportedly sent by Concord, Mr. Escano contends that the PFRD improperly required him to state "several allegations present in *Mestas*" in order to state a claim of vicarious liability for the text messages. Doc. 101 at 14.

The PFRD listed several factors that the Court previously considered in a similar TCPA case, *Mestas, supra*, to determine whether a complaint adequately alleged an agency relationship between two entities. Doc. 100 at 17. The PFRD listed those factors as follows:

(1) Two of the five calls came from a number assigned to and controlled by [the principal];
(2) [The principal] approved the script read during the calls;
(3) [The principal] approved the fake entity name used during the call;
(4) Two of the five callers identified the sponsor of the call as [the principal];
(5) Once [the principal] was served in the case, the calls suddenly ceased;
(6) [The principal] allowed the telemarketers access to information and operating systems within their control for the purposes of selling [the principal's] goods; and
(7) The callers initiated the calls to plaintiff pursuant to a contract with [the principal], the terms of which, including payments and compensation to the telemarketers, [the principal] approved.

*Id.* (citing *Mestas*, 508 F. Supp. 3d at 1023-24). The PFRD then compared Mr. Escano's allegations regarding the relationship between Liberty Mutual and Concord to these factors, as well as allegations made in other similar cases. Doc. 100 at 18-19. Contrary to Mr. Escano's contention, however, the PFRD did not require a showing of all of these factors; rather, the PFRD used these factors as a yardstick against which to measure the adequacy of Mr. Escano's allegations, and found that his allegations fell short. The Court agrees.

The proposed Amended Complaint conclusorily alleges that Liberty Mutual authorized and controlled Concord's transmission of the text messages. Doc. 89-1 at ¶ 136. This allegation is a legal conclusion, and thus the Court does not accept it as true. *See*, *e.g.*, *Barker*, 2019 WL 1983291, at *4 ("Plaintiff's alleged connection, that the offending calls were directed by or at least at the behest of Sunrun . . . constitutes a legal conclusion.").

The proposed Amended Complaint further alleges that the text messages continued after Mr. Escano served Concord but then ended after he served Liberty Mutual, that Concord and Liberty Mutual had an agreement "whereby Liberty Mutual would pay Concord for the

8

customers it enrolled in Liberty Mutual's VSPs[,]" and that "Liberty Mutual paid Concord accordingly." Doc. 89-1 at ¶¶ 132-135. The Court accepts these allegations as true, and acknowledges that they state some type of relationship between Concord and Liberty Mutual. They do not, however, adequately state any *agency* relationship between these entities; nothing in these allegations indicates Liberty Mutual's control over Concord or Concord's assent to such control. *See Childress,* 2018 WL 4684209, at *3 (quoting *Melito*, 2015 WL 7736547, at *6 (requiring the principal to "manifest[] assent to . . . an agent[] that the agent shall act on the principal's behalf and subject to the principal's control, and the agent [to] manifest[] assent or otherwise consent[] so to act")).

As such, the proposed Amended Complaint fails to state a vicarious liability claim against Liberty Mutual for the 22 text messages purportedly transmitted by Concord. Therefore, amendment as to Liberty Mutual on the basis of vicarious liability would be futile, and the Court will **OVERRULE** Objections 4 and 5.  *See Jefferson Cty. Sch. Dist. No. R-1,* 175 F.3d at 859.

**V.    Objection Concerning Concord**

Mr. Escano's sixth objection concerns the PFRD's recommendation that the claims against Concord be dismissed for Mr. Escano's failure to prosecute his case against Concord. Doc. 101 at 18. In particular, Mr. Escano contends that he has consistently prosecuted his claims against Concord by perfecting service upon Concord and by seeking amendment of his claims against Concord in the instant Motion to Amend. *Id.* at 18-19.

The Court agrees with the Chief Magistrate Judge that Mr. Escano has failed to prosecute his claims against Concord. Mr. Escano attempted to obtain a default judgment against Concord in August 2021, but his request was denied due to improper service. Docs. 67, 71. For the next

9

six months, Mr. Escano took no further actions of record against Concord who remained unserved.

For this reason, Mr. Escano's claims against Concord are subject to dismissal, pursuant to D.N.M. LR-Civ. 41.1, and the Court will dismiss those claims. *See also* FED. R. CIV. P. 4(m). The Court thus will **OVERRULE** Objection 6.

## VI. Objection Concerning Dismissal with Prejudice

Finally, Mr. Escano objects to the PFRD's recommendation that this case be dismissed with prejudice. Doc. 101 at 19. Implicit in his argument is an intent to further amend his complaint to cure the defects identified herein. The parties have already vigorously litigated this case for almost a year and a half now, including fully briefing motions to remand to state court (Doc. 11), to dismiss for failure to state a claim (Doc. 19), for judgment on the pleadings (Doc. 30), for default judgment (Doc. 63), and to amend the complaint (Doc. 89). Moreover, the Court has found herein that amendment to the Complaint, as proposed by Mr. Escano, would be futile. As such, the Court finds that this matter should be dismissed with prejudice. Accordingly, the Court will **OVERRULE** Objection 7, and dismiss this case with prejudice.

## VII. Conclusion

For the foregoing reasons, the Court will adopt the Chief Magistrate Judge's recommendation that Mr. Escano's Motion to Amend be denied as futile, and that the case be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Mr. Escano's *Motion to Amend Original Complaint*, (Doc. 89), is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE