FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 29, 2023**

_____

Christopher M. Wolpert
Clerk of Court

RUBEN ESCANO,

    Plaintiff - Appellant,

v.

CONCORD AUTO PROTECT, INC.;
FOREVERCAR, LLC; LIBERTY
MUTUAL GROUP, INC.; LIBERTY
MUTUAL AUTO AND HOME
SERVICES, LLC; ALON SALMAN;
DOES 1-10, inclusive and all of them,

    Defendants - Appellees.

No. 22-2096
(D.C. No. 2:21-CV-00223-MV-CG)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MORITZ**, **EID**, and **CARSON**, Circuit Judges.
_____

    Ruben Escano, proceeding pro se, appeals from the district court's dismissal of his lawsuit under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and reverse in part.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Mr. Escano filed suit in a New Mexico state court. Defendants Liberty Mutual Group, Inc., and Liberty Mutual Auto and Home Services, LLC, (collectively, Liberty Mutual) removed the case to federal court under 28 U.S.C. §§ 1441(a) and 1446(a). Defendants ForeverCar, LLC, Concord Auto Protect, LLC, and Concord's CEO, Alon Salman, consented to removal. *See id.* § 1446(b)(2).

Mr. Escano's complaint alleged that Liberty Mutual caused ForeverCar, Concord, and Mr. Salman to communicate with him about extended vehicle warranties or warranty service plans in violation of the TCPA. He averred that between February 20, 2020, and February 5, 2021, ForeverCar used automatic telephone dialing systems (ATDS) to call him at least 13 times, and Concord and Mr. Salman used ATDS to text him at least 22 times. He sought $61,500 in statutory damages, trebled to $184,500.

Although Concord and Mr. Salman consented to removal, as shown by an affidavit filed by Liberty Mutual, they did not appear in the action. Mr. Escano moved for default judgment against them. The magistrate judge recommended denying the motion, finding that Mr. Escano had not properly served either Concord or Mr. Salman. She also recommended granting an extension to complete service on them. No party filed objections, and the district court adopted the recommendation. In the meantime, however, Mr. Escano already had filed new returns of service reflecting service on Concord and Mr. Salman. Nevertheless, they never participated in the case.

2

Liberty Mutual and ForeverCar both filed dispositive motions: Liberty Mutual moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim, and ForeverCar moved under Rule 12(c) for judgment on the pleadings. The magistrate judge recommended the district court grant the motions. Mr. Escano filed objections in which he conceded his allegations likely were insufficient as to Liberty Mutual but asserted they were sufficient as to ForeverCar.

Because Mr. Escano did not object to the dismissal of the claims against Liberty Mutual, the court adopted that portion of the magistrate judge's recommendation. The court further agreed with the magistrate judge that Mr. Escano's allegations did not plead plausible claims against ForeverCar. The district court recognized, however, that Mr. Escano's responses to the defendants' motions had identified additional facts that might be able to cure the deficiencies in the original complaint. Noting that Mr. Escano had moved for leave to amend, the district court declined to enter judgment in favor of Liberty Mutual and ForeverCar.

After the parties completed briefing on the motion for leave to amend, the magistrate judge concluded amendment would be futile and recommended the district court deny the motion. She further noted that the proposed amended complaint (PAC) abandoned the claims against Mr. Salman and that Mr. Escano had not prosecuted his claims against Concord, having failed to request another default judgment in the six months since the court had denied his motion for default judgment. She thus recommended dismissing the entire case.

3

Over Mr. Escano's objections, the district court accepted the recommendation. The court agreed with the magistrate judge that the factual allegations in the PAC failed to plausibly plead that ForeverCar made the calls at issue. In light of that finding, it concluded the PAC failed to state a claim against Liberty Mutual for vicarious liability for ForeverCar's making the phone calls. The court further agreed with the magistrate judge that because the PAC failed to allege sufficient facts to plausibly plead an agency relationship between Liberty Mutual and Concord, it failed to state a claim against Liberty Mutual for vicarious liability for Concord's sending the text messages. Finally, the court agreed with the magistrate judge's recommendation that Mr. Escano had failed to prosecute his claims against Concord. Accordingly, the court dismissed the entire case with prejudice. Mr. Escano timely appealed.

## DISCUSSION

Because Mr. Escano proceeds pro se, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We do not, however, act as his attorney. *See id.*

**I.   Denial of Leave to Amend**

Mr. Escano does not challenge the district court's dismissal of his original claims against Liberty Mutual and ForeverCar. Instead, his opening brief focuses on the court's denial of leave to amend on the ground of futility. We generally review the denial of a motion to amend for abuse of discretion, but "[w]hen a district court denies amendment based on futility, our review for abuse of discretion includes

4

de novo review of the legal basis for the finding of futility." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 2023 WL 2959387 (U.S. Apr. 17, 2023) (No. 22-724).

### A. Pleading Standards

The district court held that amendment would be futile because the PAC would be subject to dismissal for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

"[I]n examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This pleading standard "seeks to find a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than

labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Id.* (citations and internal quotation marks omitted).

### B. Claims Against ForeverCar

The first element of a TCPA claim is that "the defendant called a cellular telephone number." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The district court held the PAC did not supply enough facts to plausibly plead that it was ForeverCar who made the unwanted calls. The court agreed with the magistrate judge, who determined that the bare allegation that ForeverCar made the calls is a legal conclusion that the court was not required to accept as true. That assertion, the district court held, "merely parrots the language of the TCPA," and "without any factual allegations to support it, is insufficient to state a plausible claim for relief." R. Vol. II at 545 (internal quotation marks omitted).

Mr. Escano argues that the district court impermissibly employed a heightened fact-pleading standard rather than the refined notice-pleading standard discussed in *Robbins*. He asserts it was sufficient, standing alone, that he alleged ForeverCar made the unwanted calls: "When the Complaint alleges that ForeverCar and Liberty Mutual took specific actions (and those allegations do not require legal interpretation to understand), then those allegations are indeed factual, and must be accepted as true at the pleading stage." Aplt. Opening Br. at 15.

We disagree. The unsupported allegation that ForeverCar made the unwanted calls is the type of "naked assertion[] devoid of further factual enhancement" and "mere conclusory statement[]" that *Iqbal* held to be insufficient to state a plausible

6

claim. 556 U.S. at 678 (internal quotation marks omitted). The PAC contains details regarding the timing and content of the calls. With regard to *who* made the calls, however, the PAC simply states it was ForeverCar, without supplying any facts to support that allegation. It thus presents "an unadorned, the-defendant-unlawfully-harmed-me accusation," which is insufficient. *Id.* (internal quotation marks omitted). "[Federal Rule of Civil Procedure] 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Because the PAC did not plead any facts that allowed the court to draw the reasonable inference that it was ForeverCar that made the calls, the district court did not err in concluding that allowing amendment would be futile because the PAC failed to state a claim against ForeverCar.

    **C.**    **Claims Against Liberty Mutual**

The PAC alleged that Liberty Mutual was directly and vicariously liable for ForeverCar's and Concord's violations of the TCPA. Mr. Escano did not object to the magistrate judge's determination that the PAC did not adequately plead a direct violation by Liberty Mutual, and he has not argued direct liability on appeal. We therefore focus on vicarious liability.

A party may be vicariously liable for its agent's violation of the TCPA. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016). "[A]gency is the fiduciary relationship that arises when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject

7

to the principal's control, and the agent manifests assent or otherwise consents so to act." *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1212 (10th Cir. 2022) (internal quotation marks omitted).

The district court held the PAC failed to allege enough facts to plausibly plead Liberty Mutual was vicariously liable for the other defendants' actions. Regarding the relationship between Liberty Mutual and ForeverCar, the court held that "given the finding above that the proposed Amended Complaint fails to state a claim against ForeverCar for direct liability, the proposed Amended Complaint also necessarily fails to state a vicarious liability claim against Liberty Mutual for the 13 phone calls." R. Vol. II at 548. And regarding the relationship between Liberty Mutual and Concord, the district court held the allegations in the PAC "state some type of relationship between Concord and Liberty Mutual. They do not, however, adequately state any *agency* relationship between these entities; nothing in these allegations indicates Liberty Mutual's control over Concord or Concord's assent to such control." *Id.* at 550.

Mr. Escano argues the PAC adequately alleged an agency relationship between Liberty Mutual and ForeverCar and between Liberty Mutual and Concord, based on theories of actual authority, apparent authority, and ratification. However, he does not address the district court's holding that because the PAC failed to state a claim against ForeverCar, it also failed to state a vicarious liability claim against Liberty Mutual for the actions allegedly taken by ForeverCar. We therefore address only

8

whether the PAC pleaded sufficient facts to support the legal allegation of an agency relationship between Liberty Mutual and Concord.

The PAC alleged that Liberty Mutual controlled Concord and that both Liberty Mutual and Concord manifested assent to that control, but it did not supply sufficient facts to support those conclusory allegations. As the district court held, the allegations established *some* sort of relationship, but not necessarily an *agency* relationship. *See Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) (affirming dismissal of vicarious-liability TCPA claim while observing, "[w]hile an agency relationship can be created by contract, not all contractual relationships form an agency"). And because the PAC did not state a plausible claim that Liberty Mutual was vicariously liable for Concord's text messages, the district court did not err in concluding that amendment would be futile.

## II.   Dismissal for Failure to Prosecute

We review a dismissal for failure to prosecute for abuse of discretion. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Id.* (brackets, citation, and internal quotation marks omitted). For two reasons, we conclude the district court abused its discretion in dismissing the claims against Concord for failure to prosecute.

First, the district court procedurally erred. It relied on its local rule 41.1, which provides "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-Civ. 41.1. But as Mr. Escano argues, the rule further states that "[t]he Clerk will give written notice that the action may be dismissed thirty (30) days after the date of the notice, unless good cause is shown." *Id*. In this case, the Clerk did not issue any Rule 41.1 notice. And this failure is significant. Federal Rule of Civil Procedure 41(b) governs involuntary dismissals for failure to prosecute as well as failure to comply with rules and court orders. This court has allowed district courts to dismiss claims under Rule 41(b) "without attention to any particular procedures" only when the dismissal is *without* prejudice. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Before dismissing *with* prejudice, the court "must first consider certain criteria,"—known as the "*Ehrenhaus* factors"— which include whether the plaintiff received notice of the proposed dismissal. *Nasious*, 492 F.3d at 1162; *see also Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1143-44 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). The district court's failure to comply with its own procedure regarding notice, as well as its failure to consider other *Ehrenhaus* factors before dismissing Escano's claims against Concord with prejudice for failure to prosecute, requires that we reverse the dismissal of Escano's claims against Concord. *See Nasious*, 492 F.3d at 1163-64 (reversing dismissal with prejudice and remanding where the district court did not

consider the *Ehrenhaus* factors); *cf. Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1151 (affirming dismissal with prejudice where the district court "thoroughly considered and properly applied the *Ehrenhaus* criteria").

Second, the district court relied on a finding that is contradicted by the record. After noting that it had denied Mr. Escano's motion for default judgment due to improper service, the court stated that Concord "remained unserved." R. Vol. II at 551. Mr. Escano protests that he did serve Concord and had filed an affidavit of service to that effect. His contention is supported by the record, which contains an executed return of service reflecting service of a summons and a copy of the complaint on Mr. Salman as Concord's authorized agent. In light of the executed return of service, the district court's finding appears to be clearly erroneous.

For these reasons, we reverse the dismissal of the claims against Concord and remand for further proceedings.

## CONCLUSION

We affirm the district court's dismissal of the claims against ForeverCar and Liberty Mutual, but we reverse the dismissal of the claims against Concord and remand for the district court to conduct further proceedings on those claims.

Entered for the Court

Nancy L. Moritz
Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | | |
|---|---|---|
| Christopher M. Wolpert<br>Clerk of Court | | Jane K. Castro<br>Chief Deputy Clerk |

June 29, 2023

Ruben Escano
2311 Ranch Club Road, Suite 2-108
Silver City, NM 88061

**RE:**   **22-2096, Escano v. Concord Auto Protect, et al**
Dist/Ag docket: 2:21-CV-00223-MV-CG

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   Meena H. Allen
      Timothy Henry Madden
      Kevin Daniel Pierce
      Daniel P. Tighe
      Andrew L. Van Houter

CMW/na