UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.                                                                                                  Civ. No. 2:21-223 MV/GJF

CONCORD AUTO PROTECT, INC.,
FOREVERCAR, LLC, LIBERTY MUTUAL
GROUP, INC., LIBERTY MUTUAL AUTO
AND HOME SERVICES, LLC, ALON
SALMAN, and DOES 1-10 INCLUSIVE AND
ALL OF THEM,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

THIS MATTER is before the Court on Plaintiff's Motion to Reopen Case and for Relief from Judgment ("the Motion"), which is fully briefed. ECFs 121, 123–24. Having thoroughly considered the Motion, briefing, and applicable law, the Court **RECOMMENDS** that the Motion be **DENIED**.

**I.    BACKGROUND**

On February 10, 2021, Plaintiff Ruben Escano ("Mr. Escano") sued Defendants in state court. ECF 1-1. His Complaint accused Defendants of violating the Telephone Consumer Protection Act ("TCPA") by sending to his cell phone at least 35 unsolicited communications regarding vehicle warranty packages. *Id.* at 3 ¶ 14. According to Mr. Escano, Concord Auto Protect, Inc. ("Concord") and ForeverCar, LLC ("ForeverCar") sent the communications on behalf of Liberty Mutual Group, Inc. and Liberty Mutual Auto and Home Services, LLC (together "Liberty Mutual"). *Id* at 4–5 ¶¶ 21–23. Defendants removed the case to this Court on March 12,

---

[1] The undersigned files this Proposed Findings and Recommended Disposition pursuant to the presiding judge's Order of Reference, which was entered April 28, 2025. ECF 122.

2021. ECF 1.

Subsequently, Liberty Mutual filed a Motion to Dismiss [ECF 19], ForeverCar filed a Motion for Judgment on the Pleadings [ECF 30], and Concord failed to appear [*see* ECF 63]. In her Proposed Findings of Fact and Conclusions of Law ("PFRD"), Judge Garza recommended that the presiding judge grant both Liberty Mutual and ForeverCar's motions and that Mr. Escano's TPCA claims against those defendants be dismissed with prejudice. ECF 80 at 16. She reasoned that the Complaint asserted only a *vicarious* liability claim against Liberty Mutual when it alleged that Liberty Mutual directed ForeverCar to place the calls.[2] *See id.* at 9–13. Additionally, Judge Garza determined that the Complaint did not plausibly allege that ForeverCar placed any calls. *See id.* at 6. Because, in her view, the Complaint failed to state a TCPA claim against ForeverCar, Judge Garza concluded that Liberty Mutual could not be vicariously liable on the basis of a TCPA violation by ForeverCar. *See id.* at 11–13.

Judge Vazquez adopted in part Judge Garza's recommendation. ECF 91. She granted both Liberty Mutual and ForeverCar's motions but dismissed Mr. Escano's claims against Liberty Mutual and ForeverCar *without prejudice*. *Id*. Just before the dismissal, however, Mr. Escano filed a motion to amend his complaint, attaching his proposed amended complaint ("PAC"). ECF 89-1.

The PAC alleged that ForeverCar was directly liable for placing the calls to Mr. Escano [*id.* at 12 ¶¶ 87–88], and that Liberty Mutual was vicariously liable because it directed ForeverCar to place the calls on Liberty Mutual's behalf [*id.* at 15–16 ¶¶ 114–19, 123]. The PAC alternatively alleged that Liberty Mutual was directly liable and placed the calls, or if it neither placed the calls nor directed ForeverCar to place the calls, the two companies directed an unknown Doe caller to

---

[2] As Judge Garza explained, a caller can be liable for TPCA violations under either a direct or vicarious liability theory. ECF 80 at 11. A caller is directly liable if they place the call. *Id.* A caller is vicariously liable if they direct another to place calls on their behalf. *Id.* at 11–12.

2

do so. *Id.* at 17 ¶ 125–26. In a second PFRD, Judge Garza recommended that the presiding judge deny Mr. Escano's motion to amend complaint. ECF 100 at 20. She reasoned that the PAC failed to state a claim for direct liability against Liberty Mutual because its alternative theory of liability directly contradicted its factual allegation that ForeverCar placed the calls. *See id.* at 13–15. She interpreted Mr. Escano's direct liability and Doe caller vicarious liability claims against Liberty Mutual as his strategy to save his case from dismissal, not as alternatively-alleged, unknown facts. *See id.* Moreover, she reasoned that the PAC did not adequately allege that Liberty Mutual was *vicariously* liable because it did not assert the necessary predicate that ForeverCar and Concord were *directly* liable. *See id.* at 15–20. As to this PFRD, Judge Vazquez adopted Judge Garza's recommendation in full. ECF 105.

Mr. Escano neither objected to Judge Garza's recommendation that his direct liability claim be dismissed nor challenged that claim in his appeal to the Tenth Circuit. ECFs 107, 116-1 at 7. Consequently, the Tenth Circuit focused on Mr. Escano's vicarious liability claim against Liberty Mutual, affirming the district court as to dismissal of that claim. *See id.* at 11. In accordance with the Tenth Circuit's mandate, Judge Vazquez denied Mr. Escano's motion to amend his complaint and dismissed his claims against Liberty Mutual and ForeverCar. ECF 120.

Undeterred, Mr. Escano sued Liberty Mutual again. *See Escano v. Liberty Ins. Group*, No. 24-cv-590 MLG/KRS (Doc. 1). In this subsequent suit, he alleged that Liberty Mutual was directly and, in the alternative, vicariously liable for the same calls at issue in this case. *Compare* ECF 1-1, *with Escano v. Liberty Ins. Group*, No. 24-cv-590 MLG/KRS (Doc. 1-1). Liberty Mutual moved to dismiss, arguing that Mr. Escano's claims were subject to claim preclusion. *See id.* (Doc. 11). Judge Garcia agreed and dismissed Mr. Escano's claims against Liberty Mutual without reaching their merits. *See id.* (Doc. 23).

That brings us to the present Motion. Having failed to object to the recommendation that

3

his direct liability claim against Liberty Mutual be dismissed [*see* ECF 101], having failed to challenge the dismissal of that claim on appeal [*see* ECF 116-1], and having been precluded from asserting that claim in a different case [*see Escano*, No. 24-cv-590 MLG/KRS (Doc. 23)], Mr. Escano now urges the Court to reconsider its dismissal of his direct liability claim against Liberty Mutual. ECF 121. Specifically, he seeks relief from Judge Vazquez's judgment and a reopening of his case. ECF 121. According to Mr. Escano, the sufficiency of his alternatively alleged direct liability claims against Liberty Mutual has "yet to be evaluated by any court. The instant [M]otion seeks to rectify this loose end." *Id.* at 5.

## II.     PARTIES' PRIMARY ARGUMENTS

Mr. Escano argues that Federal Rule of Civil Procedure 60(b)(6) entitles him to relief from this Court's final judgment and to a reopening of his case because the law has changed regarding alternatively pled TPCA claims. ECF 121 at 5–7. In support, he points to District of New Mexico cases in which alternatively pled allegations were allowed to proceed. *Id.* In addition, he insists that Federal Rule of Civil Procedure 60(a) necessitates some explanation as to whether he sufficiently alleged that Liberty Mutual is vicariously liable for calls placed by a Doe defendant.[3] *Id.* at 7.

For its part, Liberty Mutual contends that Mr. Escano waived the arguments made in his Motion. ECF 123 at 4–5. That is, it asserts that Mr. Escano's failure to raise the issue of direct liability on appeal operates as an adverse appellate ruling on that issue. *Id.* Moreover, Liberty Mutual argues that Rule 60(a) is of no benefit to Mr. Escano because it applies to errors made by a trial court before appeal, not disagreements about substantive rulings in a closed case. *Id.* at 4.

---

[3] Mr. Escano also contends that his Motion is timely because, while filed almost two years after the Court entered its Amended Judgment, it was filed thirty-two days after Judge Garcia determined that his direct liability claim against Liberty Mutual was precluded. *Id.* at 8. Because the Court concludes that there is no merit to the Motion, it need not address its timeliness.

In reply, Mr. Escano posits that he cannot waive an argument that was not available to him at the time of the alleged waiver. ECF 124 at 2–3.

## III. DISCUSSION

As explained below, the Court agrees with Liberty Mutual that Mr. Escano forfeited his right to challenge the dismissal of his direct liability claims against Liberty Mutual. To the extent Mr. Escano contends that a change in controlling law warrants relief under Federal Rule of Civil Procedure 60(b)(6), the Court disagrees. Likewise, Mr. Escano is not entitled to relief under Rule 60(a) because that rule does not apply to substantive errors like the one Mr. Escano alleges here. Contrary to Mr. Escano's arguments, this case has no loose ends and should remain closed.

### A. Mr. Escano forfeited his argument that Liberty Mutual is directly liable.

A failure to appeal an adverse trial court ruling on an issue operates as an adverse appellate ruling on that issue. *See Est. of Cummings ex rel. Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 801 (10th Cir. 2018). Consequently, a litigant who does not appeal an adverse trial court ruling forfeits the right to reargue that issue. *See id*. Two doctrines underly this principle. "Under the law of the case doctrine, '[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'" *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) (quoting *Weston v. Harmatz*, 335 F.3d 1247, 1255 (10th Cir. 2003));[4] *see also SEC v. Kokesh*, No. 09-CV-1021 SMV/LAM," 2018 WL 5635018, at *2 (D.N.M. Oct. 31, 2018). Second, under the mandate rule,

---

[4] Mr. Escano insists that *Webb* does not apply because it involves a district court diverging from the Tenth Circuit's mandate. ECF 124 at 2 n.2. According to Mr. Escano, the mandate rule does not apply here because the Tenth Circuit did not address his direct liability theory. *Id.* Mr. Escano is mistaken. His failure to appeal this Court's dismissal of his direct liability theory claim against Liberty Mutual operates as if the Tenth Circuit affirmed that dismissal on appeal. *See Est. of Cummings*, 881 F.3d at 801. Thus, the Tenth Circuit's mandate includes an implicit denial of his direct liability theory. *See id.*

5

"[a] lower court is 'bound to carry the mandate of the upper court into execution and [cannot] consider the questions which the mandate laid at rest.'" *Est. of Cummings*, 881 F.3d at 801 (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). "[T]he mandate rule applies not only to issues on which the higher court has ruled but also 'forecloses litigation of issues decided by the district court but [forgone] on appeal or otherwise waived." *Id*. (quoting *Doe v. Chao*, 511 F.3d 461, 466 (4th Cir. 2007)).

Here, Mr. Escano suggests that no court has addressed the merits of his PAC's direct liability claim against Liberty Mutual and, therefore, he did not forfeit any argument as to that claim. *See* ECF 124. To the contrary, Judge Garza recommended the denial of Mr. Escano's motion to amend complaint in part because the PAC did not adequately allege that Liberty Mutual was directly liable for the calls at issue [ECF 100 at 13–15], and Judge Vazquez adopted those recommendations [ECF 105]. On appeal, Mr. Escano elected to argue only that his PAC adequately alleged *vicariously* liability claims against Liberty Mutual, omitting any challenge to the district court's dismissal of his direct liability claim against that defendant. ECF 116-1.

While Mr. Escano receives some deference as a *pro se* litigant, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this Court has previously recognized his impressive grasp of civil litigation, *see, e.g., Escano v. Innovative Fin. Partners, LLC*, No. 23-CV-277 MLG/GJF, 2024 WL 243558, at *2 (D.N.M. Jan. 23, 2024). Given his litigation experience and relative legal sophistication, Mr. Escano surely understands that an efficient and effective judicial system cannot permit him to (1) file a complaint against multiple defendants under alternative theories of liability; (2) lose in the trial court as to those claims; (3) narrowly appeal the dismissal of only one theory as to only one defendant; and yet (4) retain the right to re-litigate *other* theories not challenged on appeal. Revisiting dismissed claims that were not challenged on appeal would disserve the interests

6

of judicial economy and prejudice the other parties. In short, like all litigants, Mr. Escano receives only "one bite at the apple," so to speak, when asserting claims against a defendant. *See Markley v. U.S. Bank Nat'l Assoc.*, 142 F.4th 732, 737 (10th Cir. 2025). In the absence of some applicable exception, both the law of the case doctrine and the mandate rule preclude Mr. Escano from challenging the dismissal of his direct liability claims against Liberty Mutual here. *See Est. of Cummings*, 881 F.3d at 801; *Webb*, 98 F.3d at 587.

### B. The controlling law over Mr. Escano's claims has not changed.

Even so, Mr. Escano contends that an exception *does* apply which, in effect, avoids forfeiture of his direct liability claim against Liberty Mutual. *See* ECF 121 at 4–7. He asserts that courts throughout the country "have consistently recognized that a party cannot waive a legal argument that was not available or reasonably known at the time of the original proceedings or appeal." ECF 124 at 2 (collecting cases). To be sure, under Federal Rule of Civil Procedure 60(b)(6), a court may "reopen a judgment in extraordinary circumstances, including a change in controlling law." *Kemp v. United States,* 596 U.S. 528, 540 (2022) (Sotomayor, J., concurring) (citations omitted).

Here, Mr. Escano insists that the law in this District changed regarding alternatively-alleged TCPA claims. *See* ECF 121 at 2–7. In support, he observes that "[c]ourts, including this one, now routinely allow TCPA complaints to plead the[] kinds of alternative allegations" pled in the PAC. *Id*. at 2–3 (citing *Escano v. RCI, LLC*, No. 22-CV-360 DHU/GJF, 2022 WL 17251273, at 16 n.15 (D.N.M. Nov. 28, 2022), *report and recommendation adopted*, 2023 WL 34525). Implying that the same was not true when the Court considered his claims in the first instance, Mr. Escano emphasizes that he "could not have made arguments in objections [to Judge Garza's PFRD]

or appellate briefing based on law that did not become established until *after* appellate briefing concluded." ECF 124 at 1.

But instead of identifying new *controlling* law to support his request for relief under Rule 60(b)(6), Mr. Escano cites only to District of New Mexico decisions in which he was the plaintiff. ECF 121 at 2–3 (citing *RCI*, 2022 WL 17251273, at 16 n.15; *Escano v. Insurance Supermarket, Inc.*, No. 2:23-cv-0793 MIS/DLM, 2023 WL 9023273, at *16–17 (D.N.M. Dec. 29, 2023)). While Tenth Circuit and Supreme Court decisions can alter the substantive law that controls in this Court, the same is not true for District of New Mexico decisions. *See United States v. Maloid*, 71 F.4th 795, 808 (10th Cir. 2023); *Tootle v. USDB Commandant*, 390 F.3d 1280, 1283 (10th Cir. 2004); *United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020) (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)); *see generally Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958) ("[l]itigation must end some time, and the fact that . . . there may have been a judicial change in the court's view of the law after [] entry [of judgment], does not justify setting it aside"). Mr. Escano has not cited, nor has the Court found, a Tenth Circuit or Supreme Court case changing the law on alternative allegations in TPCA cases in a manner that would have been of consequence to his claims. *See* ECF 121 at 6. At most, he may have identified a trend in this District. But he has failed to meet his burden under Rule 60(b) to show that the *controlling* law applicable to TPCA claims has changed such that the forfeiture of his direct liability claim against Liberty Mutual should be excused.

And even if decisions from this District could constitute controlling law, the Court is not convinced that the case on which Mr. Escano expressly and principally relies represents a *change* in the law.[5] That is, *Escano v. RCI* did not announce a new standard under which courts assess

---

[5] Mr. Escano states that "new cases, listed above" show that the law on pleading standards in TPCA complaints has changed. ECF 121 at 6. It is not clear to which cases Mr. Escano refers, however, as those cited in the preceding

8

alternatively alleged TPCA claims. *See* 2022 WL 17251273. Rather, in that case, the undersigned addressed Mr. Escano's alternatively alleged TPCA claims in the context of its personal jurisdiction analysis, not to determine whether those alternative allegations sufficiently stated a claim. *See id*. at *9–10. While the Court discussed the ability to plead in the alternative, it did so by referencing Federal Rule of Civil Procedure 8(d) and a 2019 Tenth Circuit case discussing that rule, both of which were equally good law when the instant case was being litigated before the trial court and on appeal. *See id.* at *10 n.15. The mere possibility that this Court might apply Rule 8(d) differently than did Judge Garza in her PFRD, or Judge Vazquez when she adopted Judge Garza's recommendations, hardly justifies the extraordinary relief that Mr. Escano seeks here.

In sum, neither *RCI* nor any other case Mr. Escano cites constitutes a change in controlling law that warrants relief under Rule 60(b)(6). Mr. Escano having failed to meet his burden to show a change in controlling law that would justify reopening his case, the Court recommends that his Motion be denied as to this first ground.

### C. Mr. Escano is not entitled to relief under Rule 60(a).

Next, Mr. Escano insists that "relief under Rule 60(a) is warranted because the Court never addressed [his] alternative allegation that Liberty Mutual was vicariously liable for the calls at issue due to the actions of [Doe defendants]." ECF 121 at 7. Rule 60(a) provides relief only when record evidence indicates that the Court intended to take one course of action, but by clerical mistake or oversight, took another. *See Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992); *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980); *Martinez v. Dart*

---

paragraphs and pages—with two exceptions—do not appear to relate to the issue of alternative TCPA claims. Mr. Escano does cite *Escano v. RCI*, discussed herein, as well as *Escano v. Insurance Supermarket, Inc.*, but neither case is of any help to him here. In the latter, much like here, the Court determined that Mr. Escano failed to a state a claim as to his alternative direct liability claim against Guarantee Trust Life Insurance Company and permitted only his *vicarious* liability claim to proceed. 2023 WL 9023273, at *7–8.

9

*Trans, Inc.*, 547 F. Supp. 3d 1140, 1148 (D.N.M. 2021). "Rule 60(a) may not be used to change something which has been deliberately done." *Sec. Mut. Cas. Co.*, 621 F.2d at 1065.

Focusing again on cases from this District, Mr. Escano observes that this District has at times permitted TCPA cases to proceed to discovery where a defendant was alleged to have authorized an unknown John Doe defendant to make the calls at issue. *See* ECF 121 at 7 (citing *Escano v. The ADT Security Corporation*, No. 2:24-cv-00908-KWR-GBW, 2025 WL 343112 (D.N.M. Jan. 30, 2025) (denying motion to dismiss where "Plaintiff assert[ed] that Defendant ADT is vicariously liable for the alleged illegal robocalls of the John Doe Caller")).

In *ADT*, Mr. Escano alleged that a defendant authorized and directed unidentified Doe callers to make calls on its behalf. 2025 WL 343112, at *4. At the motion to dismiss stage, Judge Riggs determined that Mr. Escano plausibly alleged an agency relationship between the defendant and the Doe callers. *See id.* Her conclusion stands in contrast to Judge Garza's in the instant case that Mr. Escano alleged that Liberty Mutual directed ForeverCar to place calls on its behalf and—in the alternative and without factual support—alleged that Liberty Mutual placed the calls or directed a Doe caller to do so. *Compare ADT Sec. Corp.*, 2025 WL 343112, *with* ECF 100 at 14–15.

In any event, because the Court *deliberately* dismissed Mr. Escano's vicarious liability claims against Liberty Mutual as to the Doe caller, Rule 60(a) has no application here. *See, e.g.*, *Burton*, 975 F.2d at 694. The Court takes Mr. Escano's point that his Doe caller claim was not thoroughly and expressly analyzed, but this is not to say that the Court did not intend its dismissal. *See* ECF 100 at 14; ECF 106. Despite Mr. Escano's suggestion to the contrary [ECF 121 at 7], Judge Garza cited and quoted the portion of the PAC in which he alleged that Liberty Mutual was vicariously liable for calls placed by the Doe caller, [ECF 100 at 14 (quoting ECF 89-1 at 16–17

10

¶¶ 124–25)]. She did so within her analysis of Mr. Escano's alternative allegations, reasoning that these allegations were a strategy to prevent dismissal, not a good faith assertion of unknown facts. *Id.* Judge Garza went on to explain that the type of alternative factual pleadings alleged in the PAC "differ[ed] from the type courts typically permit," and she ultimately recommended denying Mr. Escano's motion to amend complaint because the PAC did not state a claim for direct or vicarious liability. *Id.* at 14, 20. Adopting Judge Garza's recommendations as to those proposed claims, the Court intentionally dismissed *all* such claims. *See* ECF 105.

Mr. Escano has not identified a clerical error, ambiguity, or oversight that caused the Court's disposition to diverge from its intent. *See, e.g.*, *Burton*, 975 F.2d at 694. Rule 60(a) might have applied if, for example, Judge Vazquez found that the PAC stated a claim for vicarious liability against Liberty Mutual as to the Doe callers but inadvertently dismissed those claims. *See id.* In that scenario, the Court's intent and disposition would have diverged. *See id.* Here, by contrast, the Court's intent and disposition *converge*. By trying to recast a failure to thoroughly explain a holding as a Rule 60(a) error, Mr. Escano invites the Court to revisit its substantive rulings, which Rule 60(a) prohibits. *See Mut. Cas. Co.*, 621 F.2d at 1065. Mr. Escano had the opportunity to challenge the Court's substantive rulings by objecting to Judge Garza's recommendations and by appealing Judge Vazquez's judgment. *See* ECFs 101, 116-1. He did neither. Rule 60(a) does not now allow him to re-argue issues that could have been argued before. *See Mut. Cas. Co.*, 621 F.2d at 1065. Accordingly, Rule 60(a) does not entitle Mr. Escano to relief.

Again, litigants receive only "one bite at the apple." *See Markley*, 142 F.4th at 737. Having had his bite, Mr. Escano now must move on and focus on his other targets in his other cases.

**IV.    CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that the Motion to Reopen

Case and for Relief from Judgment [ECF 121] be **DENIED.**

      **SO RECOMMENDED.**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

12